UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

GERTRUDE WILLISTON; and TAWANA, LATOYA,
and TANDIKA CUMMINS, by their parent,
PAULETTE CUMMINS, on their own behalf
and on behalf of all others similarly
situated,

        Plaintiffs,

  - and -

JOSE FELIZ, on his own behalf and on
behalf of all others similarly situated,

        Plaintiff-Intervenors

  - against -

VERNA EGGLESTON, as Commissioner of the
New York City Department of Social Services;
and ROBERT DOAR, as Commissioner of the
New York State Office of Temporary and
Disability Assistance,

        Defendants.

------------------------------------------X

7/19/05

04 Civ. 4454 (RWS)

O P I N I O N

A P P E A R A N C E S:

Attorneys for Plaintiffs:

    THE URBAN JUSTICE CENTER HOMELESSNESS OUTREACH
        PREVENTION PROJECT
    666 Broadway, 10th Floor
    New York, NY 10012
    By:  WENDY BACH, ESQ.
        MUNIR PUJARA, ESQ.
        Of Counsel

    NEW YORK LEGAL ASSISTANCE GROUP
    130 East 59th Street, 14th Floor
    New York, NY 10022
    By:  YISROEL SCHULMAN, ESQ.
        RANDAL S. JEFFREY, ESQ.
        ELISSA D. DEVINS, ESQ.
        Of Counsel

APPEARANCES CONTINUED ON FOLLOWING PAGE:



WELFARE LAW CENTER, INC.
275 Seventh Avenue, Suite 1205
New York, NY 10001
By:  MARC COHAN, ESQ.
     REBECCA L. SCHARF, ESQ.
     PETRA T. TASHEFF, ESQ.
     Of Counsel

Attorneys for Defendants:

   HONORABLE ELIOT SPITZER
   Attorney General of the State of New York
   120 Broadway
   New York, NY 10271
   By:  DEBORAH HOCHHAUSER, ESQ.
        Assistant Attorney General
        Of Counsel



Sweet, D.J.,

Florence Greenbaum ("Greenbaum") and Jose Feliz ("Feliz") have moved under Rule 24(b), Fed. R. Civ. P., to intervene in this putative class action, and their motion is opposed by defendant Robert Doar, Commissioner of the New York State Office of Temporary and Disability Assistance ("State Commissioner" or the "State").[1] For the reasons set forth below, the motion to intervene is granted.

**Prior Proceedings**

The plaintiffs Gertrude Williston ("Williston") and Tawana Cummins, Latoya Cummins and Tandika Cummins and their parent Paulette Cummins (the "Cummins"), filed their class action complaint (the "Complaint") on June 15, 2004. The Complaint and the proceedings thus far in this action are described more fully in the opinion filed this date denying the defendants' motion to dismiss.

This motion to intervene was marked fully submitted on January 19, 2005.

---

[1] The defendant Verna Eggleston, Commissioner of the New York City Human Resources Administration, has by stipulation agreed to the proposed intervention.

1

**The Intervenors**

Greenbaum is homeless and stays at a shelter in Manhattan. She has alleged that she has no income or liquid resources, is eligible for expedited food stamps, and applied for food stamps in person on December 10, 2004, and Greenbaum has not received expedited or ongoing food stamps. (Greenberg Aff. ¶¶ 1, 2, 3.)

Feliz, a Bronx resident, has alleged by affidavit that he applied for food stamps on November 15, 2004, that he is eligible for expedited processing of his food stamp application and has not received food stamps or been contacted by the government. (Feliz Aff. ¶¶ 5, 6, 7.)

**The Standard For Intervention**

Federal Rules of Civil Procedure Rule 24(b) provides, in relevant part, that intervention is permissible "[u]pon timely application . . . (2) when an applicant's claim or defense and the main action have a question of law and fact in common." Fed. R. Civ. P. 24(b)(2). Another factor to be considered in determining whether to allow a party to intervene is "whether permitting intervention will assist in developing and resolving the factual and legal disputes in the litigation." In re Visa Check/Mastermoney Antitrust Litigation, 190 F.R.D. 309, 312 (E.D.N.Y. 2000).

Intervention under this rule is permitted in the discretion of the district court. See, e.g., H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc., 797 F.2d 85, 89 (2d Cir. 1986). Within this discretion, courts have held that Rule 24(b)(2) is to be liberally construed. See, e.g., McNeill v. New York City Hous. Auth., 719 F. Supp. 233, 250 (S.D.N.Y. 1989) (citing Davis v. Smith, 431 F. Supp. 1206, 1209 (S.D.N.Y.), aff'd, 607 F.2d 535 (2d Cir. 1977)).

**Intervention Is Granted**

The central claim in this action is that the defendants have a policy and practice of failing to provide food stamps to eligible households in a timely manner. (Compl. ¶ 1.) The Complaint alleges that the defendants fail to process the food stamp applications of eligible households within 30 days and that, at Non-Public Assistance Food Stamp Offices, defendants fail to provide expedited food stamps to eligible households and deter, discourage and prevent households from applying at those offices. (Compl. ¶¶ 4-6.)

Like the original plaintiffs, proposed plaintiff intervenors Feliz and Greenbaum allege an unlawful delay in the processing of their food stamp applications. (See Compl. ¶ 1.) They allege that they applied for food stamps, were qualified to

receive food stamps within five days of their application[2] and did not receive food stamps within that time frame. (Class Action Compl. (Jose Feliz) ¶¶ 95-100; Class Action Intervener Compl. (Florence Greenbaum) ¶¶ 96-101.)

In deciding motions to intervene, federal courts have recognized that no two individuals will present identical facts and have refused to allow minor distinctions such as those emphasized by the State to preclude intervention. Even where factual distinctions exist, courts have permitted intervention where the same legal issue is presented. Brooks v. Flagg Bros., 63 F.R.D. 409, 414 (S.D.N.Y. 1974). When confronting essentially the same question in the context of motions for class certification, the Second Circuit has not found such differences to preclude a finding of typicality. See, e.g., Robideaux v. Celani, 987 F.2d 931, 937 (2d Cir. 1993) (typicality requirement for purposes of class certification met, ". . . irrespective of minor variation in the fact patterns underlying individual claims."); Marisol A. v. Giuliani, 126 F.3d 372, 376-78 (2d Cir. 1997) (upholding district court finding of typicality in certification of a class of plaintiffs alleging a wide variety of means by which defendants violated the plaintiffs' right to legally mandated child welfare services.). Since Feliz and Greenbaum present the same legal

---

[2] Defendants were required to process applications for food stamps within five days of application under New York State law, 18 N.Y.C.R.R. § 387.8(a)(2)(i)(a), and seven days under federal law, 7 U.S.C. § 2020(e)(9); 7 C.F.R. § 273.2(i)(3)(i). It is undisputed that they did not meet either of these requirements.

4

claims as to the timeliness of the processing of their food stamp applications as plaintiffs, their intervention into this matter is appropriate.

The State has resisted the intervention on the grounds it will result in "undue delay" and "prejudice." However, since no answers have been filed and no discovery had, the proposed intervention will not delay the proceedings or prejudice the State.

For the reasons set forth above, the motion for intervention of Feliz and Greenbaum is granted.

It is so ordered.

**New York, NY**
July  /4 , 2005

ROBERT W. SWEET
U.S.D.J.