UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

GERTRUDE WILLISTON; and TAWANA, LATOYA,
and TANDIKA CUMMINS, by their parent,
PAULETTE CUMMINS, on their own behalf
and on behalf of all others similarly
situated,

        Plaintiffs,

- and -

JOSE FELIZ, on his own behalf and on
behalf of all others similarly situated,

        Plaintiff-Intervenors

- against -

VERNA EGGLESTON, as Commissioner of the
New York City Department of Social Services;
and ROBERT DOAR, as Commissioner of the
New York State Office of Temporary and
Disability Assistance,

        Defendants.

------------------------------------------X

04 Civ. 4454 (RWS)

O P I N I O N

A P P E A R A N C E S:

Attorneys for Plaintiffs:

    THE URBAN JUSTICE CENTER HOMELESSNESS OUTREACH
        PREVENTION PROJECT
    666 Broadway, 10th Floor
    New York, NY 10012
    By:  WENDY BACH, ESQ.
         MUNIR PUJARA, ESQ.
         Of Counsel

    NEW YORK LEGAL ASSISTANCE GROUP
    130 East 59th Street, 14th Floor
    New York, NY 10022
    By:  YISROEL SCHULMAN, ESQ.
         RANDAL S. JEFFREY, ESQ.
         ELISSA D. DEVINS, ESQ.
         Of Counsel

APPEARANCES CONTINUED ON FOLLOWING PAGE:

```
          WELFARE LAW CENTER, INC.
          275 Seventh Avenue, Suite 1205
          New York, NY 10001
          By:  MARC COHAN, ESQ.
               REBECCA L. SCHARF, ESQ.
               PETRA T. TASHEFF, ESQ.
               Of Counsel
```

Attorneys for Defendants:

```
          HONORABLE ELIOT SPITZER
          Attorney General of the State of New York
          120 Broadway
          New York, NY 10271
          By:  DEBORAH HOCHHAUSER, ESQ.
               Assistant Attorney General
               Of Counsel
```

Sweet, D.J.,

Defendant Verna Eggleston, Commissioner of the New York City Human Resources Administration ("City Defendant" or "Defendant"), has moved for leave to appeal, pursuant to 28 U.S.C. § 1292(b), from this Court's July 27, 2005 order and opinion ("Opinion") and for a concomitant stay of the underlying proceedings. For the reasons set forth below, Defendant's motions are denied.

**Prior Proceedings**

Plaintiffs filed their complaint on June 15, 2004, alleging that the State and City of New York have a policy and practice of failing to provide food stamps to eligible individuals in a timely manner and, as such, seek enforcement of their rights under the Food Stamp Act (the "FSA") pursuant to 42 U.S.C. § 1983. The City and State Defendants filed respective motions to dismiss, which were heard and marked fully submitted on November 10, 2004.

The Opinion, familiarity with which is assumed, denied City Defendant's motion to dismiss, rejecting City Defendant's argument that Plaintiffs did not have a private right of action under the FSA and thus lacked standing to bring suit. See Williston v. Eggleston, 379 F. Supp. 2d 561 (S.D.N.Y. 2005). The City seeks leave to appeal the Opinion as it pertains to the

1

private right of action issue, asserting that the availability of a private right of action under the FSA is a purely legal question that currently remains unsettled under Second Circuit jurisprudence.

The motion for certification for leave to appeal and for the concomitant stay of the underlying proceedings was marked fully submitted on September 14, 2005.

**Certification Is Denied**

This Court has previously articulated the requirements for interlocutory review under 28 U.S.C. § 1292(b) as follows:

> Title 28 United States Code section 1292 grants district courts discretion to issue interlocutory orders when an issue or issues involve "[1] controlling questions of law [2] as to which there is substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); see SEC v. Credit Bancorp, Ltd., 103 F. Supp. 2d 223, 226 (S.D.N.Y. 2000). "The statute must be strictly construed and 'only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" Colon v. BIC USA, Inc., No. 00 Civ 3666 (SAS), 2001 WL 88230 at *2 (S.D.-N.Y. Jan. 30, 2001) (quoting Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir. 1990)).

Wausau Business Ins. Co. v. Turner Constr. Co., 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001). Courts interpreting this standard have maintained that "the 'question of law' must refer to a 'pure'

2

question of law that the reviewing court 'could decide quickly and clearly without having to study the record.'" See Ahrenholz v. Board of Trustees of the University of Illinois, 219 F.3d 674, 676-77 (7th Cir. 2000), quoted in In re Worldcom, Inc., No. M-47 (HB), 2003 WL 21498904 (S.D.N.Y. June 23, 2003).

Courts in the Second Circuit and elsewhere have noted that certification is appropriate only in "exceptional cases," where interlocutory review "might avoid protracted and expensive litigation." Telectronics Proprietary, Ltd. v. Medtronic, Inc., 690 F. Supp. 170, 172 (S.D.N.Y. 1987). "Interlocutory appeal was not intended as a vehicle to provide early review of difficult rulings in hard cases . . . The benefit to the district court in avoiding an unnecessary trial must be weighed against the inefficiency of having the Court of Appeals hear multiple appeals in the same case." Wausau, 151 F. Supp. 2d at 492 (citing cases).

> In addition, the party seeking an interlocutory appeal has the burden of showing "exceptional circumstances," see, e.g., Perera v. Cogan, 265 B.R. 32, 34 (S.D.N.Y. 2001); In re Alexander, 248 B.R. 478, 483 (S.D.N.Y. 2000); In re Ionosphere, 179 B.R. 24, 29 (S.D.N.Y. 1995), to overcome the "general aversion to piecemeal litigation," In re AroChem Corp., 176 F.3d 610, 619 (2d Cir. 1999), and to show that the circumstances warrant "a departure from the basic policy of postponing appellate review until after entry of a final judgment." Coopers, 437 U.S. 463, 475 (1978); see also Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d at 25 (2d Cir. 1990).

3

In re Worldcom, Inc., No. M-47 (HB), 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003).

"The criteria are conjunctive, not disjunctive. 'The federal scheme does not provide for an immediate appeal solely on the ground that such an appeal may advance the proceedings in the district court.'" Ahrenholz, 219 F.3d at 676 (quoting Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 631 (2d Cir. 1991)). See also 19 James Wm. Moore, et al., Moore's Federal Practice, § 203.31[1], at 203-86-87 (ed. 1999) ("[I]n practice the courts treat the statutory criteria as a unitary requirement, and the decisions granting and discussing interlocutory appeals under 28 U.S.C. § 1292(b) uniformly cite all three of the elements as being present in any particular case.").

In the case at hand, Defendant asks this Court to certify the following question: "Whether the FSA confers a private right of action under 42 U.S.C. § 1983?" While Plaintiffs concede that this issue presents a "controlling question of law" under the 28 U.S.C. § 1292(b) standard and would terminate the litigation if no private right of action were to be found upon appellate review, Plaintiffs argue that there is no "substantial ground for difference of opinion" as is also required.

The parties agree that the precise question at issue in this case has not yet been directly addressed by either the Supreme

4

Court or the Second Circuit. Simply because a question of law has not been authoritatively addressed, however, does not make the question grounds for a substantial difference of opinion. Hubbell, Inc. v. Pass & Seymour, Inc., 1995 WL 464906, *2 (S.D.N.Y. 1995); Chamarac Properties, Inc. v. Pike, 1994 WL 410902, *2 (S.D.N.Y. 1994); American Tel. & Tel. Co. v. North American Industries, Inc., 783 F. Supp. 810, 814 (S.D.N.Y. 1992). Nor, for that matter, does the fact that the parties themselves disagree as to the interpretation of persuasive authority constitute "a difference of opinion" sufficient to warrant certification. See Hubbell, Inc. v. Pass & Seymour, Inc., at *2.

Assuming arguendo that the issue of enforceability under § 1983, which is presented here, is "difficult," certification under § 1292(b) "is not intended as a vehicle to provide early review of difficult rulings in hard cases." German v. Federal Home Loan Mortgage Corp., 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995). The district court must "analyze the strength of the arguments in opposition to the challenged ruling, and determine whether there is 'substantial doubt' that the district court's order was correct." In re Methyl Tertiary Butyl Ether, Nos. 04 Civ. 1716, 1718, 1719, 1720 & 3420, 2005 WL 1773678, *2 (S.D.N.Y. July 26, 2005) (quoting Moll v. U.S. Life Title Ins. Co., Nos. 85 Civ. 6866, 86 Civ. 4271, 1987 WL 10026, *3 (S.D.N.Y. April 21, 1987)); Am. Telephone & Telegraph Co. v. N. Am. Indus. of N.Y. Inc., 783 F. Supp. 810, 814 (S.D.N.Y. 1992) (finding that, even if a movant for a § 1292(b)

5

certification makes a legal argument that has not been explicitly rejected in any case in the involved jurisdiction, this does not mean that a difference of opinion is "substantial" rather than "merely metaphysical").

While the Second Circuit has observed that "our circuit has not yet established a unified approach to provisions contained in spending clause statutes such as the LIHEAA," Kapps v. Wing, 404 F.3d 105, 127 (2d Cir. 2005), it has held that provisions of the Medicaid Act, the most analogous legislation to the FSA, are enforceable. See Rabin v. Wilson-Coker, 362 F.3d 190, 202 (2d Cir. 2004). As discussed in the Opinion, the Rabin court, applying the test articulated in Gonzaga Univ. v. Doe, 536 U.S. 273 (2002), examined the Medicaid Act and held the statutory provisions to be enforceable under § 1983.

City Defendant has relied upon Taylor v. Vermont Dep't of Educ., 313 F.3d 768 (2d Cir. 2002). However, when comparing the outcomes of Rabin and Taylor, the Circuit did not reach different outcomes when applying the Gonzaga test to like statutes. Rather, the Circuit arrived at different outcomes because the statutes at issue were different. These cases do not demonstrate "substantial ground for difference of opinion" but, instead, demonstrate "differences in factual allegations." See Worldcom, 2003 WL 22533398 at *11 (denying defendants certification under § 1292(b) and holding that defendants failed to identify a "substantial

ground for difference of opinion" when the two cases defendants cited to show conflict involved "differences in the factual allegations" rather than "substantial differences as to a controlling question of law").

Finding no substantial ground for a difference of opinion, the use of interlocutory appeal under 28 U.S.C. § 1292(b) would be inappropriate in this instance. As such, Defendant's motion for leave to appeal is denied.

## Stay is Denied

For the same reasons that certification for interlocutory review is not appropriate here, the City Defendant has failed to make a showing of good cause for a stay. See In re Currency Conversion Fee Antitrust Litig., MDL 1409, M 21-95 (WHP), 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10) (S.D.N.Y. 1991) (stating "that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law'"); Association Fe Y Allegria v. The Republic of Ecuador, No. 98-8650 (BSJ), No. 98-8693 (BSJ), 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999) (stating that a stay of discovery is appropriate only when resolution of a preliminary matter may dispose of the entire case).

## Conclusion

For the reasons stated above, the Defendant's motions to certify an issue for appeal and to concomitantly stay this action are denied.

It is so ordered.

New York, NY
January 24, 2006

ROBERT W. SWEET
U.S.D.J.

8